IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS & OPERATING
ENGINEERS LOCAL 520
PENSION FUND, et al.,**

    **Plaintiffs,**

v.

**W.C., BEISER CONCRETE
COMPANY, INC.,**

    **Defendant.**                      **Case No. 10-cv-350-DRH**

### MEMORANDUM & ORDER FOR JUDGMENT BY DEFAULT

**HERNDON, Chief Judge:**

    Before the Court is Plaintiffs' Motion for Default Judgment (Doc. 10) against Defendant and supporting memorandum (Doc. 11). In an Order issued on October 8, 2010 (Doc. 13), the Court noted Plaintiffs' failure to meet certain requirements as set forth in its **LOCAL RULE 55.1(a)** and thereby directed Plaintiffs to demonstrate compliance by October 29, 2010. Plaintiffs have since demonstrated their sufficient compliance with the Court's Local Rule 55.1 (Doc. 14) and therefore, the Court may now turn to the merits of Plaintiffs' Motion.

    A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by

default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55.** The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. ***Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005)**. "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**. Plaintiff must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." **FED. R. CIV. P. 54(c)**. Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted);** ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted)**. Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. ***Id.*** Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793**.

The docket reflects that Plaintiffs filed their Complaint against Defendant on May 10, 2010 (Doc. 5). On May 25, 2010, Defendant was served with summons and a copy of the Complaint (Doc. 8). Defendant failed to timely file an Answer or otherwise plead. Plaintiffs thereafter moved for the Clerk's Entry of Default on August 11, 2010 (Doc. 9). The Clerk issued an entry of default against Defendant on August 16, 2010 (Doc. 12).

Plaintiffs are comprised of several Funds of the International Union of Operating Engineers, Local Union No. 520 (the "Union"), along with the trustees and fiduciaries of those funds (Doc. 5, ¶¶ 1-5). These Funds were each created and operated pursuant to certain benefit plans under ERISA (*Id.*). Each Fund provides various benefits to covered employees of participating employers (*Id.*). Plaintiffs allege that Defendant is an employer within the meaning provided under ERISA and "is signatory to and bound by a collective bargaining agreement with the Union" (*Id.* at ¶ 6). Plaintiffs filed their claim against Defendant pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended. **29 U.S.C. § 1132(g)** (*Id.* at ¶ 17).

Under the terms of collective bargaining agreement with the Union, Plaintiffs allege that Defendant is obligated to: (1) make monthly reports on all of its covered employees, showing the number of their hours worked (*Id.* at ¶ 9); (2) make monthly benefit contributions to the Funds for each hour worked by its employees (*Id.*, *see also* Doc. 11 - Affidavit of David Glastetter, ¶ 3); (3) pay 10% liquidated

damages to the Funds on all delinquent or unpaid monthly benefit contributions (Doc. 5, ¶ 10; Doc. 11 - Glastetter Aff., ¶ 5); (4) pay the costs of collection, including attorneys' fees, for all delinquent or unpaid monthly contributions (Doc. 5, ¶ 12); and (5) submit its records for audit to Plaintiffs in order to determine the amount owed by Defendant (*Id*. at ¶ 13).

In their memorandum supporting their Motion for Default Judgment, Plaintiffs state that Defendant submitted its monthly reports *without* contribution payments for the months of September, October and November 2009 (Doc. 11, p. 1). Therefore, Plaintiffs state that for these months, Defendant owes $7,598.21, representing unpaid contributions in the amount of $6,589.28, liquidated damages in the amount of $658.93, and court costs in the amount of $350.00. Supporting Plaintiffs' assertion is a copy of both a copy of the collective bargaining agreement, and a signature page between Defendant and the Union, dated August 14, 2007, showing Defendant's assent to be bound by the terms of the agreement (Doc. 11 - Glastetter Aff., Exs. 1 & 2). The collective bargaining agreement to which Defendant is bound states that it runs from August 1, 2007 through July 31, 2012 (*Id*., Ex. 1). Also attached are contribution report forms for the months of September, October and November 2009, submitted by Defendant, showing the unpaid contribution amounts it owes to Plaintiffs.

The Court finds Defendant is properly in default. As such, Plaintiffs allegations in their Complaint against Defendant are hereby taken as true. In addition, the Court finds the amount sought by Plaintiffs in default against Defendant

to be properly substantiated by the evidence submitted via the Glastetter Affidavit, attached to Plaintiffs' Memorandum in Support of their Motion for Default Judgment (Doc. 11). Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion for Default Judgment (Doc. 10), finding defendant W.C. Beiser Concrete Company, Inc., to hereby be in **DEFAULT** to Plaintiffs in the total amount of **$7,598.21**, representing unpaid contributions in the amount of $6,589.28, liquidated damages in the amount of $658.93, and court costs in the amount of $350.00. Plaintiffs shall hereafter be allowed to take further post-judgment action against Defendant in order to collect said amount. Judgment shall enter.

**IT IS SO ORDERED.**

Signed this 12th day of November, 2010.

David R. Herndon
2010.11.12 16:58:32
-06'00'

**Chief Judge**
**United States District Court**